UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DEEDS,<br><br>                              Plaintiff,<br><br>       v.<br><br>ROMEO ARANAS, et. al.,<br><br>                              Defendants. | 3:14-cv-00138-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(B)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's First Amended Complaint. (Doc. # 17.)[1]

## I. BACKGROUND

Plaintiff submitted his original complaint and application for leave to proceed in forma pauperis on March 17, 2014. (Compl., Doc. # 1.) Plaintiff subsequently paid the $ 400 filing fee. (Doc. # 4.)[2] On April 28, 2014, the court screened the complaint and Plaintiff was permitted to proceed with a due process claim against defendants Martin, LeGrand, Sgt. Donnelly and Cox. (Screening Order, Doc. # 7 at 7.) Plaintiff alleges that on July 5, 2014, Martin charged Plaintiff with institutional misconduct based on what Plaintiff characterizes as a "harmless joke" he made while attending pill-call. (Doc. # 1-1 at 10.) On August 9, 2013, Sergeant Donnelly, the disciplinary officer, convicted Plaintiff of compromising staff, and Plaintiff contends this conviction was unsupported by any evidence. (*Id*. at 10-11.) Plaintiff asserts that Donnelly

---

[1] Refers to court's docket number.

[2] Plaintiff has since sent a letter to the court asking for the return of a $50 overpayment of the filing fee. (Doc. # 19-1.) This request is being addressed in a separate order.

1  refused to let Plaintiff make a statement in his own defense, forced Martin as a witness, and
2  refused to let Plaintiff call or question the nurse as a witness despite acknowledging her
3  relevance. (*Id*. at 11.) Plaintiff avers that LeGrand erroneously upheld the conviction on
4  September 26, 2013, and Plaintiff was sentenced to eighteen months disciplinary segregation and
5  was recommended for an institutional transfer. (*Id*.) On July 5, 2013, Plaintiff alleges that Cox
6  denied Plaintiff of fair notice of the language constituting institutional misconduct because he
7  failed to "specify a standard of conduct whereby verbal expressions of humor otherwise
8  commonplace were instead prohibited." (*Id*.)

9  Plaintiff's other claims were dismissed with prejudice. (Doc. # 7 at 7.) The action was
10 stayed for ninety days to allow the parties to engage in settlement discussions. (Id.) Plaintiff filed
11 a motion for reconsideration of the screening order which District Judge Robert C. Jones denied.
12 (Docs. # 11, # 13.)

13 On July 28, 2014, the Office of the Attorney General filed a notice indicating the parties
14 had not reached a settlement. (Doc. # 15.) The following day, the Attorney General's Office was
15 instructed to advise the court within twenty-one days whether it would accept service of process
16 on behalf of the defendants. (Doc. # 16.)

17 Plaintiff filed his First Amended Complaint on August 4, 2014. (Doc. # 17.)

18 The Attorney General's Office has not yet notified the court as to whether it will accept
19 service of process on behalf of the defendants; however, it did file a Motion to Screen Plaintiff's
20 First Amended Complaint which is being granted via separate order. (Doc. # 18.)

21 **II. FIRST AMENDED COMPLAINT**

22 **A. Propriety of Amendment**

23 "A party may amend its pleading once as a matter of course within: (A) 21 days after
24 serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after
25 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
26 whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing
27 party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

28 The order sending the original complaint to the Attorney General's Office for acceptance

- 2 -

of service was not issued until July 29, 2014. (Doc. # 16.) To date, the Attorney General's Office has not yet indicated whether it is accepting service on behalf of Defendants. Therefore, Plaintiff was permitted to file the amendment as a matter of course under Rule 15(a)(1)(a). The court will now screen the First Amended Complaint.

**B. Screening**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint--(1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**C. Allegations & Discussion**

Plaintiff's First Amended Complaint names as defendants: Nevada Department of Corrections (NDOC) Director James Cox; Lovelock Correctional Center (LCC) Associate Warden Dwayne Deal; John Doe # 1, Offender Management Administrator; LCC Sergeant James Donnelly; LCC Warden R. Le Grand; LCC Correctional Officer J. Martin; and LCC Associate Warden William Sandie. (Doc. # 17 at 1-4.)

In his general description of events, Plaintiff alleges that LCC disciplinary hearing officer Donnelly went out of his way to deny Plaintiff a fair hearing before sentencing him to eighteen months disciplinary segregation and transferring him to Ely State Prison (ESP). (*Id*. at 5.) Plaintiff avers that this arose because before breakfast on July 5, 2013, Plaintiff made a harmless joke while a nurse was correcting a medication error. (*Id*.) He contends that defendant Donnelly would not allow him to make a statement on his own behalf because it emphasized his deteriorating medical condition and he called a charging officer as a witness (whom Plaintiff had not requested). (*Id*.) While Plaintiff was allowed to call the nurse as a witness, Plaintiff claims defendant Donnelly would not let her answer his questions and stated that her answer to his first question proved Plaintiff's guilt. (*Id*.)

**1. Count I**

In Count I, Plaintiff alleges that his First Amendment right of free expression was violated on July 5, 2013, when defendant Martin asserted that Plaintiff engaged in misconduct when he made a harmless joke. (*Id*. at 6.) Plaintiff states that Martin accused him of misconduct not because he believed Plaintiff did anything wrong, but because the prison nurse objected to the substance of the joke.[3] (*Id*. at 6.)

Plaintiff goes on to aver that Warden LeGrand failed to assure that staff were trained regarding the administrative regulations (ARs) and implementation of operational procedures (OPs), and in particular the implementation of AR 707 and the regulation of jokes based on content. (*Id*.) Plaintiff contends that defendant Cox, as NDOC's director, adopts disciplinary regulations, and denied him fair notice of the language which defines prison misconduct as including the prohibition of verbal expressions of humor. (*Id*.)

Plaintiff is alleging that his free speech rights were impinged when he was punished for making a joke. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objections of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Clement v. Cal. Dep't of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004) (per curiam). Plaintiff should be permitted to proceed with his First Amended claim against defendants Martin, LeGrand and Cox. Defendants can then argue whether any regulation impinging Plaintiff's speech is "reasonably related to legitimate penological purposes." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

**2. Count II**

In Count II, Plaintiff asserts that his Fourteenth Amendment right to due process was violated when on September 27, 2013, he was transferred to ESP (a maximum security prison), was made to go without eating for thirty hours (because he contends he does not have a digestive tract and there was no toilet access en route to ESP), and he was denied access to a toilet, without being given notice of the reason for his transfer or an opportunity to rebut the allegations that resulted in his transfer. (*Id*. at 7.)

---

[3] Plaintiff reports that he said, "I could be looking at less attractive people." (*Id*. at 6.)

- 4 -

1         Plaintiff contends that on August 9, 2013, he was convicted of institutional misconduct at
2    LCC and sentenced to disciplinary segregation but instead of remaining at LCC's disciplinary
3    segregation unit or that of nearby Northern Nevada Correctional Center (NNCC), he was sent to
4    ESP on the recommendation of defendant Donnelly. (*Id.*) Plaintiff alleges that on about July 5,
5    2013, defendant Sandie told Plaintiff that he would regret having spoken during the institutional
6    "pill call." (*Id.*) In addition, Warden LeGrand approved him for the transfer on September 26,
7    2013, when he affirmed Plaintiff's disciplinary conviction for "compromising staff." (*Id.*) He
8    likewise contends that LCC Associate Warden Deal also failed to reverse his transfer when he
9    entered the recommendation for transfer as LCC's grievance coordinator. (*Id.* at 8.) He asserts
10   that defendant John Doe # 1 is the Offender Management Administrator and failed his duty to
11   assure the transfer was justified based on the supporting documentation. (*Id.*) Plaintiff also
12   claims defendant Director Cox is responsible for his transfer because of his implementation of
13   various regulations. (*Id.*) He maintains that it is NDOC policy to send inmates that are disliked to
14   ESP. (*Id.*)

15        In Count II, Plaintiff is challenging his transfer to ESP as part of his disciplinary
16   sentence. Prisoners have no liberty interest in avoiding being transferred to another prison. *See*
17   *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976).
18   Accordingly, Count II should be dismissed with prejudice.

19        **3. Count III**

20        In Count III, Plaintiff expands on the allegations contained within his general description
21   and Count II, in relation to the disciplinary proceeding that resulted from his making a joke
22   during pill-call. To reiterate, Plaintiff alleges that on July 5, 2013, he made a harmless joke while
23   a nurse was correcting a medication error during pill-call. (Doc. # 17 at 5.) He contends that
24   defendant Martin reported this conduct, even though he initially did not believe Plaintiff did
25   anything wrong. (*Id.* at 9.) Plaintiff avers that the disciplinary hearing officer, Donnelly, would
26   not allow him to make a statement on his own behalf; called the charging officer (Martin) as a
27   witness even though Plaintiff had not requested him; and while Plaintiff was allowed to call the
28   nurse as a witness, Donnelly would not let her answer Plaintiff's questions. (*Id.* at 5.) Plaintiff

1  claims he was found guilty in the absence of evidence, and was sentenced to eighteen months
2  disciplinary segregation and an institutional transfer to ESP. (*Id*.)

3  Plaintiff alleges that transfer to ESP presents a significant hardship because of its
4  conditions, which he contends include the dispossession of personal property, inmates yelling
5  and kicking and banging cell doors, rotten and awful food, inadequate ventilation, lack of
6  telephone access, lack of access to bathing opportunities, lack of ability to shave, lack of bodily
7  privacy, and lack of cleaning supplies. (*Id*. at 9.)

8  Plaintiff contends that on September 26, 2013, defendant LeGrand upheld the conviction
9  and disciplinary sentence as well as the transfer to ESP. (*Id.* at 10.) Plaintiff goes on to allege (in
10 connection with Count II) that LCC Associate Warden Deal also upheld the conviction. (*Id*. at 8.)
11 Plaintiff references defendant Sandie's alleged statement that Plaintiff would regret having
12 spoken. (*Id*. at 10.) Plaintiff further asserts that defendant Cox is responsible for adopting the
13 disciplinary regulations and denied Plaintiff notice that his conduct violated the regulations. (*Id*.)

14 For the reasons set forth in the original screening order, Plaintiff may proceed with his
15 Fourteenth Amendment due process claim related to his disciplinary proceeding against
16 defendants Martin, Deal, Donnelly, LeGrand, and Cox.

17 With respect to defendant Sandie, Plaintiff only alleges that he said, "you'll regret having
18 spoken." This is not sufficient to state a claim against him for violation of his due process rights.
19 Because this is Plaintiff's second effort at stating this claim, it should be dismissed with prejudice
20 as to Sandie.

21 Finally, Plaintiff's only allegation as to John Doe # 1 Offender Management
22 Administrator is that he failed to assure Plaintiff's transfer to ESP was justified. (Doc. # 17 at 8.)
23 The court has already concluded Plaintiff does not state a claim relative to his transfer to ESP;
24 therefore, John Doe # 1 Offender Management Administrator should be dismissed with prejudice
25 as well.
26 ///
27 ///
28 ///

## III. RECOMMENDATION

(1) Count I, alleging a violation of Plaintiff's First Amendment rights to free speech, should be allowed to **PROCEED** against defendants Martin, LeGrand and Cox;

(2) Count II, alleging a violation of Plaintiff's due process rights under the Fourteenth Amendment related to his transfer to ESP, should be **DISMISSED WITH PREJUDICE**;

(3) Count III, alleging a violation of Plaintiff's due process rights under the Fourteenth Amendment related to his disciplinary proceeding, should be allowed to **PROCEED** against defendants Martin, Deal, Donnelly, LeGrand, and Cox;

(4) Defendants Sandie and John Doe # 1 Offender Management Administrator should be **DISMISSED WITH PREJUDICE**;

(5) Within twenty-one days of any order adopting this Report & Recommendation, the Attorney General's Office should be required to file a notice advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service. For any defendant on whose behalf the Attorney General's Office is not accepting service, it should be required to file the last known address under seal;

(6) If service cannot be accepted for any of the named defendants, Plaintiff should be required to file a motion identifying the unserved defendant(s) and requesting issuance of a summons for service by the U.S. Marshal at the address filed under seal. If the Attorney General's Office has not provided the last known address for a particular defendant, Plaintiff shall provide the full name and address for the defendant(s); and

(7) Defendants should be required to file an answer or other responsive pleading within twenty-one days of filing the notice of acceptance of service.

///
///
///
///
///
///

1  The parties should be aware of the following:

2      1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 19, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE