UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD DEEDS, | ) | 3:14:cv-00138-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | June 24, 2015 |
| ROMEO ARANAS, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>          FTR          </u>

COUNSEL FOR PLAINTIFFS:  <u>Richard Deeds, In Pro Per (Telephonically)     </u>

COUNSEL FOR DEFENDANTS:  <u>Charles W. Lehman                              </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:47 a.m.  Court convenes.

      The court originally scheduled today's hearing (Doc. # 67) to address several motions which included: "Plaintiff's Motion for an Order Compelling Discovery, Answers and Production" (Doc. # 54); "Defendants' Motion for Leave to Withdraw/Amend Specific Admissions" (Doc. # 60); "Plaintiff's Motion to Determine Sufficiency of Answers and Objections [FRCP 36(a)(6)]" (Doc. # 62) and "Plaintiff's Motion for Sanctions for Improper Certification [FRCP 26(g)(3)] (Doc. # 63).  The parties are advised that the court will only be addressing Plaintiff's motion to compel (Doc. # 54) and related briefing (Doc. ## 61, 64).

      The court brings to the parties' attention that the disputes raised in Plaintiff's motion to compel (Doc. # 54) are not all found in Plaintiff's March 2, 2015, "meet and confer" letter (Doc. # 61-1).  The court explains that the discovery topics raised in Plaintiff's letter should have been addressed prior to the filing of the motion to compel.  Therefore, in view of this deficiency, the court will not consider any item of discovery in Plaintiff's motion to compel (Doc. # 54) that was not addressed in the meet and confer letter.

///
///

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

       To guide today's discussions the court uses Plaintiff's motion to compel (Doc. # 54) to address and make its findings as to the outstanding discovery items addressed in Plaintiff's March 2, 2015, letter (Doc. # 61-1).

I.     **"Plaintiff's Motion for an Order Compelling Discovery, Answers and Productions" (Doc. # 54)**

     A.     **Plaintiff's First Set of Interrogatories and Request for Production of Documents for Defendant Martin (Doc. # 54, pgs. 5 - 9)**

          Interrogatory No. 1:  This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 1.

          Interrogatory No. 2:  The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 2 is DENIED.

          Request for Production No. 2:  This discovery request is not found in the meet and confer letter and will not be considered by the court. Furthermore, the court does not find Plaintiff's request relevant. Plaintiff's motion is DENIED as to Request for Production No. 2.

          Interrogatory No. 4:  The Defendants's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 4 is DENIED.

          Interrogatory No. 5:  The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 5 is DENIED.

          Request for Production No. 5:  WITHDRAWN by Plaintiff.

///
///
///

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

    Interrogatory No. 6:   This discovery request is not found in the meet and confer letter; however, the court indicates the request is similar as to Interrogatory No. 5 and is therefore considered a sufficient response by Defendants. No supplemental responses are required. Plaintiff's motion as to Interrogatory No. 6 is DENIED.

    Interrogatory No. 7:   The Defendant's response is found to be insufficient and defendant Martin is required to supplement his answer to this request with regard to any discussion he may have had as to Ms. Marvel, specifically as it pertains to the decision to proceed with disciplinary charges against Plaintiff. Plaintiff's motion as to Interrogatory No. 7 is GRANTED.

    Interrogatory No. 11:   This discovery request is not found in the meet and confer letter; however, the court indicates the request is similar as to Interrogatory No. 5 and is therefore considered a sufficient response by Defendants. No supplemental responses are required. Plaintiff's motion as to Interrogatory No. 11 is DENIED.

    Interrogatory No. 12:   This discovery request is not found in the meet and confer letter; however, the court indicates the request is similar as to Interrogatory No. 5 and is therefore considered a sufficient response by Defendants. No supplemental responses are required. Plaintiff's motion as to Interrogatory No. 12 is DENIED.

    Interrogatory No. 15:   The Defendant's response is found to be insufficient and defendant Martin is required to supplement his answer to this request, which is relevant to what training defendant Martin received to implement AR 707. Plaintiff's motion as to Interrogatory No. 15 is GRANTED.

    Request for Production No. 6:   This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Request for Production No. 6.

///
///
///

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

    **B.**    **Plaintiff's Second Set of Interrogatories and Request for Production of Documents for Defendant Martin (Doc. # 54, pg. 9)**

Interrogatory No. 1:    The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 1 is DENIED.

    **C.**    **Plaintiff's First Set of Interrogatories, with Requests for Production of Documents for Defendant Donnelly (pgs. 10-12)**

Interrogatory No. 2:    The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 2 is DENIED.

Interrogatory No. 3:    This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 3. However, the court states that, having reviewed Defendant's response, the Defendant's answer would be found to be sufficient and he would not otherwise be required to provide additional responses.

Interrogatory No. 8:    This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 8. However, the court states that, having reviewed Defendant's response, the Defendant's answer would be found to be sufficient and he would not otherwise be required to provide additional responses.

Interrogatory No 11:    This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 11.

Interrogatory No. 13:    The Defendant's response is found to be insufficient and defendant Donnelly is required to supplement his answer to this request, Plaintiff's motion as to Interrogatory No. 13 is GRANTED.

Interrogatory No. 21:    WITHDRAWN by Plaintiff. The court notes this request was not subject to the meet and confer letter.

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

    **D.**    <u>**Plaintiff's First Set of Interrogatories with Requests for Production of Documents for Defendant James "Greg" Cox (Doc. # 54, pgs. 13-16)**</u>

<u>Interrogatory No. 3</u>: The Defendant's response is found to be sufficient and no supplemental responses are required. Furthermore, to the extent the interrogatory requests personal addresses of named defendants, that request is overruled. Plaintiff's motion as to Interrogatory No. 3 is DENIED.

<u>Interrogatory No. 4</u>: This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 4. However, the court states that, having reviewed Defendant's response, the Defendant's answer would be found to be sufficient and he would not otherwise be required to provide additional responses.

<u>Interrogatory No. 9</u>: WITHDRAWN by Plaintiff. The court notes this request was not subject to the meet and confer letter.

<u>Interrogatory No. 10</u>: This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 10. The court notes this interrogatory may not be relevant in light of the screening order; nevertheless, the interrogatory is overruled.

<u>Interrogatory No. 12</u>: WITHDRAWN by Plaintiff. The court notes this request was not subject to the meet and confer letter.

<u>Interrogatory No. 14</u>: This discovery request is not found in the meet and confer letter and will not be considered by the court. Defendant's objection is sustained and Plaintiff's motion is DENIED as to Interrogatory No. 14.

    **E.**    <u>**Plaintiff's Second Set of Interrogatories with Request for Production of Documents for Defendant James "Greg" Cox (pgs. 16-19)**</u>

<u>Interrogatory No. 2</u>: The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 2 is DENIED.

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

Interrogatory No. 3: The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 3 is DENIED.

Interrogatory No. 4: WITHDRAWN by Plaintiff.

F. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents for Defendant Robert LeGrand (pgs. 19-27)**

Interrogatory No. 2: WITHDRAWN by Plaintiff.

Interrogatory No. 4: The Defendant's response is found to be insufficient and defendant LeGrand is required to supplement his answer to this request regarding training provided to Officer Martin as to verbal interaction with inmates (i.e. what is the substance of the training). Plaintiff's motion as to Interrogatory No. 4 is GRANTED.[1]

Interrogatory No. 9: The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 9 is DENIED.

Interrogatory No. 10: The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Interrogatory No. 10 is DENIED.

Interrogatory No, 12: WITHDRAWN by Plaintiff.

Interrogatory No. 16: WITHDRAWN by Plaintiff.

Interrogatory No. 17: WITHDRAWN by Plaintiff. The court make an additional comment that the Defendant's response is satisfactory.

///
///

---

[1] The court makes the observation that Interrogatory No. 4 is similar to Interrogatory No. 9, which the court finds the Defendant's response sufficient to the request. Therefore, the court states if defendant LeGrand decides to reiterate his answer to Interrogatory No. 9 for his supplemental response to Interrogatory No. 4, the court would likely find the supplemental answer sufficient. However, as ordered for Interrogatory No. 4, defendant LeGrand may also have the opportunity to elaborate on the training provided to Officer Martin.

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

|  |  |
|---|---|
| <u>Request for Production No. 1</u>: | DAG Lehman advises the court that both of the disciplinary hearings are on the disk that was previously provided to the warden's office for Plaintiff's review. Plaintiff is directed to kite the warden's office to review the two audio recordings. DAG Lehman is further instructed to contact the warden's office to confirm Plaintiff is provided sufficient opportunity to review the audio recordings. The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Request for Production No. 1 is DENIED. |
| <u>Request for Production No. 2</u>: | The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Request for Production No. 2 is DENIED. |
| <u>Request for Production No. 5</u>: | The Defendant's response is found to be sufficient and no supplemental responses are required. Plaintiff's motion as to Request for Production No. 5 is DENIED. |
| <u>Request for Production No. 6</u>: | The Defendant's response is found to be sufficient in part. Defendant is required to supplement his response. The court directs that the supplemental responses elaborate on the training, instructions, and/or guidance defendant Martin received as to what remarks may be considered inappropriately made by an inmate, particularly to nursing staff. Plaintiff's motion as to Request for Production No. 6 is DENIED in part and GRANTED in part consistent with this ruling. |

///
///
///
///
///

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

        <u>Request for Production No. 21</u>:   Similar to the previous request, the Defendant's response is found to be sufficient in part. However, Defendant is required to supplement his response to elaborate on any instructions correctional officers receive as to interactions between inmates and nursing staff. Plaintiff's motion as to Request for Production No. 21 is DENIED in part and GRANTED in part consistent with this ruling.

In conclusion, IT IS ORDERED, "Plaintiff's Motion for an Order Compelling Discovery, Answers and Production" (Doc. # 54) is GRANTED in part and DENIED in part consistent with the court's rulings made today. Defendants shall have up to and including **Thursday, July 30, 2015**, to provide Plaintiff with supplemental responses where instructed. The court is to be notified by written notice when Defendants provide Plaintiff the supplemental responses.

## II.     <u>Dispositive Motion(s) Deadline</u>

The court **VACATES** the current dispositive motion(s) deadlines, currently calendared for Thursday, August 13, 2015. The revised deadline for dispositive motion(s) is **Wednesday, September 30, 2015**.

## III.    <u>Discovery as to Defendant Olivas</u>

The court directs that the discovery remaining as to defendant Ramon Olivas is to be constrained by the parameters of the rulings made today.

## IV.     <u>Pending Motions</u>

The court directs the parties to meet and confer over the telephone with regard to "Defendants' Motion for Leave to Withdraw/Amend Specific Admissions" (Doc. # 60) and "Plaintiff's Motion to Determine Sufficiency of Answers and Objections [FRCP 36(a)(6)]" (Doc. # 62). The court requests that, if the parties find resolution or need to provide the court with an update as to both or either motion, a notice be filed with the court.

///
///
///
///
///

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
June 24, 2015

      There being no further comments or matters to address at this time, court adjourns at 11:56 a.m.

**IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                                          By: _____/s/_____
                                              Katie Lynn Ogden, Deputy Clerk