UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD DEEDS, | ) | 3:14-cv-00138-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | September 21, 2015 |
| | ) | |
| ROMEO ARANAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>    Katie Lynn Ogden    </u>   REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:  <u> Richard Deeds, In Pro Per (Telephonically)         </u>

COUNSEL FOR DEFENDANTS:  <u> Charles W. Lehman                                   </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

The court holds today's hearing to address several motions and supplemental filings that relate to outstanding discovery disputes. Utilizing Defendants' "Response to Plaintiff's Notice" (ECF No. 76), the court and parties address the outstanding discovery disputes. The court advises the parties that its evaluation during today's hearing as to the remaining discovery disputes will be considered under Fed. R. Civ. Proc. 36(b) discussed in the case of *Conlon v. United States*, 474 F. 3d 616, 622 (9th Cir. 2007).

The court first addresses the discovery dispute regarding the timeliness of defendants Donnelly, LeGrand and Martin responses to Plaintiff's requests for admissions. Defendants recently filed a supplemental response (ECF No. 76), which identifies the dates defendants Donnelly, LeGrand and Martin all responded to the requests for admissions. Defendants contend their responses were made timely.

Plaintiff explains he had overlooked this information and states he concedes to the Defendants' argument that their responses were made timely.

In view of Plaintiff's statement, the discovery dispute regarding the timeliness of responses as to defendants Donnelly, LeGrand and Martin are resolved.

1

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
September 21, 2015

      The court and parties next have general discussion regarding the Defendants' supplemental responses to the remaining requests for admissions concerning Cox and Martin.

      Plaintiff states his interpretation of Defendants' characterization of "amending" their original responses to the discovery requests are essentially eliminating the original responses in their entirety. Mr. Deeds states this is concerning because the original responses are relevant to his arguments in this case and he wishes to utilize those responses. Mr. Deeds explains he has no opposition to the Defendants' supplemental responses so long as they are considered supplements to the original responses and not as an amendments.

      DAG Lehman explains that the supplemental responses provided to Plaintiff were not intended to change Defendants' admission or denial as to the discovery requests but rather provide additional information or clarification. DAG Lehman states Defendants have no opposition clarifying for the record that Defendants' responses are supplements and not amendments.

      In light of the clarification that Defendants' supplemental responses are in fact supplements and not amendments, the discovery disputes as to defendant Cox (Request for Admission No. 19) and defendant Martin (Request for Admission Nos. 13, 14, 15, 16 and 22) are resolved.

      Therefore, "Defendants' Motion for Leave to Withdraw/Amend Specific Admissions" (ECF No. 60), "Plaintiff's Motion to Determine Sufficiency of Answers and Objections [FRCP 36(a)(6)]" (ECF No. 62) and "Plaintiff's Motion for Sanctions for Improper Certification [FRCP 26(g)(3)]" (ECF No. 63) are **DENIED as moot**.

      The court next addresses Plaintiff's concern regarding his review of the disciplinary recordings. Plaintiff indicates he has yet been able to review the recording in its entirety because of what appears to be redactions made or certain sections of the recording not available for his review. DAG Lehman clarifies that the recording was never redacted; however, the recording is in multiple files. DAG Lehman indicates he resent the recording to Ely State Prison and they should be available for Mr. Deeds to review so long as he kites the warden office to do so. The court directs DAG Lehman to notify the warden's office promptly that Mr. Deeds will need to review the recordings in short order because of the quickly approaching deadline for dispositive motions. Mr. Deeds is directed to submit his kite to the warden's office promptly as well.

      The court next addresses Plaintiff's concern regarding discovery responses that he has not yet been provided regarding defendant Olivas. DAG Lehman explains he was under the impression that his office sent the responses to Mr. Deeds last week. The court directs DAG Lehman to verify when the responses were sent to Plaintiff and to advise Mr. Deeds when he should expect them. Otherwise, if the responses have not yet been sent to Plaintiff, DAG Lehman shall do so by express mail.

Minutes of Proceedings
3:14-cv-00138-RCJ-WGC
September 21, 2015

      The court and parties briefly discuss whether a settlement conference in this matter would be beneficial. The parties report that informal discussion have already taken place but any agreement has been unsuccessful. After hearing from the parties, the court finds scheduling a settlement conference is appropriate.

      Therefore, a settlement conference is hereby scheduled for **Tuesday, October 6, 2015, at 10:00 a.m.**, before Magistrate Judge William G. Cobb Reno Courtroom 2. Confidential settlement statements are due **Thursday, October 1, 2015**.

      In view of the settlement conference being scheduled, the court hereby **VACATES** the current dispositive motions deadline and reestablished the deadline for **Friday, October 16, 2015**. The deadline for the parties to submit a Proposed Joint Pretrial Order is **Friday, November 20, 2015**, unless, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

      There being no additional matters to address at this time, court adjourns at 10:50 a.m.

**IT IS SO ORDERED.**

                                        LANCE S. WILSON, CLERK

                                        By:          /s/
                                                Katie Lynn Ogden, Deputy Clerk